UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHEYENNE L. SKIFFINGTON,<br>On behalf of herself and all others<br>similarly situated,<br>    Plaintiff<br><br>v.<br><br>LINDNER & ASSOCIATES, P.C. and<br>MARK LINDNER,<br>    Defendants | 07 - 30043 - KPN<br><br>Civil Action No. |

FILING FEE PAID:
RECEIPT # 366514
AMOUNT $ 350.00
BY DPTY CLK _illegible_
DATE 3/15/07

## COMPLAINT AND REQUEST FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

Plaintiff has been sued on an alleged consumer debt in state court. The alleged creditor in the state-court collection action is represented by defendants. In the collection case, defendants have sought an award of legal fees against the plaintiff where some, if not all, of the claimed fees were unearned and where the amount sought was calculated as a percentage of the alleged underlying debt. Plaintiff alleges in this complaint that the aforesaid conduct is unlawful under the Act. She further contends that the conduct is

defendant's "standard operating procedure" in collection suits filed against consumer debtors in Massachusetts, and therefore seeks to have her claims certified as a class action.

## Parties

1. Plaintiff Cheyenne L. Skiffington is an individual who at all relevant times has resided in Orange, Franklin County, Massachusetts.

2. Defendant Lindner & Associates, P.C., is a Massachusetts law firm and professional corporation with a principal place of business in Needham, Massachusetts. Said defendant is a "debt collector" under the FDCPA.

3. Defendant Mark Lindner is an individual who at all relevant times has been a licensed attorney and principal and/or owner of the defendant law firm Lindner & Associates, P.C. Said defendant is a "debt collector" under the FDCPA.

## Jurisdiction and Venue

4. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

6. On or about December 11, 2006, plaintiff was sued by Citibank South Dakota, N.A. in the Orange (Massachusetts) District Court. Citibank's complaint alleged that plaintiff was indebted in the amount of $15,296.34 arising from her use of a credit card. In addition to seeking a judgment in said amount, the complaint requested that costs and

2

attorney's fees be assessed against the plaintiff. The defendants drafted and filed this complaint on behalf of Citibank.

7. On or about February 12, 2007, defendants filed with the Orange District Court a "Motion/Application for Hearing for Default Judgment and Assessment of Attorney's Fees." Appended to said "Motion/Application," or filed concurrently therewith, were additional documents entitled: (i) "Memo of Damages;" (ii) "Military Affidavit;" (iii) Affidavit in Support of Memo of Attorney's Fees;" (iv) Statement of Attorneys Fees;" (v) "note extract" (appearing to be a computer printout of actions allegedly taken by defendants in connection with plaintiff's case); and (vi) copy of Citibank "Card Agreement." Defendants' transmittal letter to the Court requested that a hearing on damages and attorney's fees be scheduled for March 16, 2007. Defendants sent copies of the foregoing documents and letter to plaintiff by first class mail, postage prepaid, and they were in fact received by plaintiff.

8. In the "Memo of Damages" filed with the Court, defendants asked for an award of attorney's fees equal to 15% of the credit card balance allegedly owed by plaintiff.

9. In the "Statement of Attorneys Fees" filed with the Court, defendants state the following:

> The following is based upon average amounts of time involved in the tasks listed. The fees requested in this memo of damages are a percentage of the balance and not an hourly charge. Because this case is a contingent fee case contemporaneous time records are not maintained and the average billing time, if billed hourly, is based on the account notes and history and estimated average amounts of time spent for a case of this type. Further detail is in the note extract attached hereto.

The Statement then sets forth the "estimated average amounts of time spent" for various actions taken on the case.

3

10. The "Statement" continues:

> additional services may or will be required to effect collection of this account, and are not included in the foregoing. These services are those necessary to enforce the judgment.

11. The "Statement" then provides the following with respect to fees:

> Estimated Fees earned to date: $900.00
>
> Estimated future time expenditure (10 hrs), up to $2,000.00
>
> FEE REQUESTED – Percentage basis: $2,294.45

13. The "Statement" concludes as follows:

> The fees requested in the memo of damages reflect the amounts or percentages contained in the contracts or agreements which provide that the Defendant shall pay costs of collection and attorneys fees. The agreement provides for either reasonable attorneys fees and costs of collection or a flat rate, not a time and charges rate. The actual fee to the client is a contingent fee at a rate higher than the 15% requested. Because the fee agreement is for a contingent fee actual time records are not maintained and the information provided is based on the account notes attached. The percentage rates may result in a fee higher or lower than the estimated time rates, but the client is billed on the percentage rates not hourly billings and this fee requested is based upon a percentage basis. Depending on the individual case specifics the percentage based request may be more or less than an hourly billing to date would be, however the hourly billing is not a reflection of the actual charges to the client.
>
> The difference between the estimated time expended and estimated total time reflects the fact that the services are not complete at the time of the hearing and that there is substantial uncertainty as to full recovery of principal and costs. Based upon similar cases, counsel estimates that it may expend substantial additional time and effort in post judgment collection efforts.

14. The "Card Agreement" filed by defendants and which governs plaintiff's Citibank account states in pertinent part:

> Collection Costs:
>
> If we refer collection of your account to a lawyer who is not our

4

salaried employee, you will be liable for any reasonable attorney's fees we incur, plus the costs and expenses of any legal action to the extent permitted by law.

## COUNT I

15. The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

16. The percentage-based legal fees which defendants' attempted to collect from plaintiff are not expressly authorized by the Citibank "Card Agreement" or permitted by law.

17. Defendants' conduct violated 15 U.S.C. §1692f.(1).

### Class Allegations

18. Plaintiff brings this complaint on behalf of herself and all others similarly situated. Class members are all Massachusetts residents who are or were defendants in civil collection suits filed in a Massachusetts court where: (i) the alleged debt was obtained primarily for personal, household, or family purposes; (ii) neither the agreement which created the alleged debt or state law governing the agreement expressly authorized the debtor to be charged a percentage-based attorney's fee; (iii) one or both defendants was attorney of record for the plaintiff; and (iv) within 1 year of the filing of this complaint, one or both defendants filed documents in said collection suit seeking legal fees based on a percentage of the underlying debt. On information and belief, the practice complained of is a standard or frequent one employed by defendants, and therefore the class is sufficiently numerous such that joinder is impracticable.

19. There are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members. The primary common questions are whether defendants are debt collectors under the FDCPA and

whether the collection or attempted collection of percentage-based legal fees by defendants violates the FDCPA.

20. Plaintiff's claim is typical in that it resulted from the identical unlawful conduct as that directed at class members.

21. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

22. A class action is manageable, and is also a superior method for resolving this controversy since the claims of nearly all class members are unlikely to be filed as individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify this claim as a class action pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) award plaintiff and class members actual damages;

(iv) award plaintiff and class members statutory damages;

(v) award plaintiff and class members interest, costs, and attorney's fees;

(vi) award such further relief as shall be just and proper.

## COUNT II

23. The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

24. Defendants falsely represented that they could lawfully receive a percentage-based legal fee in connection with the collection of the alleged debt.

25. Defendants' conduct violated of 15 U.S.C. §1692e(2)(B).

## Class Allegations

26. Plaintiff brings this complaint on behalf of herself and all others similarly situated. Class members are all Massachusetts residents who are or were defendants in civil collection suits filed in a Massachusetts court where: (i) the alleged debt was obtained primarily for personal, household, or family purposes; (ii) neither the agreement which created the alleged debt or state law governing the agreement expressly authorized the debtor to be charged a percentage-based attorney's fee; (iii) one or both defendants was attorney of record for the plaintiff; and (iv) within 1 year of the filing of this complaint, one or both defendants filed documents in said collection suit seeking legal fees based on a percentage of the underlying debt. On information and belief, the practice complained of is a standard or frequent one employed by defendants, and therefore the class is sufficiently numerous such that joinder is impracticable.

27. There are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members. The primary common questions are whether defendants are debt collectors under the FDCPA and whether the collection or attempted collection of percentage-based legal fees by defendants violates the FDCPA.

28. Plaintiff's claim is typical in that it resulted from the identical unlawful conduct as that directed at class members.

29. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

30. A class action is manageable, and is also a superior method for resolving this controversy since the claims of nearly all class members are unlikely to be filed as individual actions.

    WHEREFORE, plaintiff prays that this Honorable Court:

    (i)    certify this claim as a class action pursuant to Fed.R.Civ.P. 23;

    (ii)    appoint plaintiff as class representative and the undersigned as class counsel;

    (iii)    award plaintiff and class members actual damages;

    (iv)    award plaintiff and class members statutory damages;

    (v)    award plaintiff and class members interest, costs, and attorney's fees;

    (vi)    award such further relief as shall be just and proper.

## COUNT III

31. The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

32. By attempting to justify the imposition of a percentage-based fee by references to "average" and "estimated" time spent and future "expected" time, defendants used false,

deceptive, and/or misleading misrepresentations and means in connection with the collection of the alleged debt.

33. Defendants' conduct violated 15 U.S.C. §1692e.

## Class Allegations

34. Plaintiff brings this complaint on behalf of herself and all others similarly situated. Class members are all Massachusetts residents who are or were defendants in civil collection suits filed in a Massachusetts court where: (i) the alleged debt was obtained primarily for personal, household, or family purposes; (ii) neither the agreement which created the alleged debt or state law governing the agreement expressly authorized the debtor to be charged a percentage-based attorney's fee; (iii) one or both defendants was attorney of record for the plaintiff; and (iv) within 1 year of the filing of this complaint, one or both defendants filed documents in said collection suit seeking legal fees based wholly or partly on "average" time spent, "estimated" time spent, and/or future "expected" time. On information and belief, the practice complained of is a standard or frequent one employed by defendants, and therefore the class is sufficiently numerous such that joinder is impracticable.

35. There are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members. The primary common questions are whether defendants are debt collectors under the FDCPA and whether the collection or attempted collection of percentage-based legal fees by defendants violates the FDCPA.

36. Plaintiff's claim is typical in that it resulted from the identical unlawful conduct as that directed at class members.

37. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

38. A class action is manageable, and is also a superior method for resolving this controversy since the claims of nearly all class members are unlikely to be filed as individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify this claim as a class action pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) award plaintiff and class members actual damages;

(iv) award plaintiff and class members statutory damages;

(v) award plaintiff and class members interest, costs, and attorney's fees;

(i) award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

CHEYENNE L. SKIFFINGTON,
By her attorney:

*/s/ Kenneth D. Quat*

Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
kquat@quatlaw.com